BRONTIE O'NEAL,

Plaintiff,

VERSUS

THOMAS SPOTA, ET AL.,

Defendants.

**MEMORANDUM AND ORDER**
January 12, 2017

JOSEPH F. BIANCO, District Judge:

On January 29, 2016, plaintiff Brontie O'Neal ("plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action against defendants Thomas Spota, Suffolk County Municipality, East Hampton Town, East Hampton Town Police, Marianne S. Rantala, and Irene Foster. Plaintiff asserts claims for malicious prosecution, defamation, slander, false arrest, and ineffective assistance of counsel pursuant to 42 U.S.C. § 1983 ("Section 1983").[1] Defendants Thomas Spota and Suffolk County Municipality (the "County Defendants")[2] now move to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons set forth below, the County Defendants' motion is granted in its entirety.

I. BACKGROUND

A. Facts

The following facts are taken from the complaint and are not findings of fact by the Court. Instead, the Court will assume the facts to be true and, for purposes of the pending motion to dismiss, will construe them in a light most favorable to plaintiff as

---

[1] Plaintiff invokes only Section 1983 in his complaint, but it is unclear whether he is also asserting any or all of the claims under state law. As discussed *infra*, for purposes of the instant motion, the Court declines to exercise pendant jurisdiction over any state law claims absent a viable federal cause of action.

[2] The County Defendants correctly assert that the County of Suffolk, rather than "Suffolk County Municipality," is the proper party in interest in this case. (County Defs.' Mem. of Law in Supp. of Mot. to Dismiss Pursuant to Rule 12(b)96) [sic], ECF. No. 12-1, at 1.) Thus, the Court liberally construes the complaint to be against the County of Suffolk.

the non-moving party. The Court limits its analysis to the allegations pertaining to the County Defendants.

Plaintiff's claims stem from a criminal proceeding, and he alleges that "Thomas Spota defamed [his] character, slandered [his] name and took part in [a] malicious prosecution," and that the "Suffolk County Municipality is responsible for statements that district attorneys made defaming [plaintiff's] character." (Compl., ECF No. 1, ¶¶ 1-2.) In addition, plaintiff claims that while he was incarcerated, he suffered a fractured skull "[b]ecause the newspaper had an article saying that [he] beat up an elderly woman. So inmates jumped [plaintiff] and put [him] in the hospital." (*Id*. at 4.) Plaintiff further alleges that his "good name and reputation were also damaged." (*Id*.)

B. Procedural History

Plaintiff commenced this action on January 29, 2016. (ECF No. 1.) On April 27, 2016, the County Defendants filed a motion to dismiss for failure to state a claim. (ECF No. 12.) Plaintiff field his opposition on May 12, 2016 ("Pl.'s Br.," ECF No. 13), and the County Defendants filed their reply on June 8, 2016 (ECF No. 17). Plaintiff filed an additional response on June 28, 2016. (ECF No. 27.)

By Order dated August 15, 2016, the Court stayed this action pending the resolution of plaintiff's underlying criminal proceeding. (ECF No. 36.) The County Defendants filed a letter on November 1, 2016, apprising the Court that plaintiff had been "convicted in the prosecution for which he sues" (ECF No. 39), and they subsequently filed a copy of plaintiff's Uniform Sentence & Commitment, dated October 20, 2016, which indicates that plaintiff pled guilty in the New York County Court for Suffolk County to four felony counts of Assault in the Second Degree, in violation of New York Penal Law § 120.05; and one felony count of Grand Larceny in the Fourth Degree, in violation of New York Penal Law § 155.30 (ECF No. 41-1). The Court accordingly lifted the stay and afforded plaintiff an opportunity to file an additional response (ECF No. 40), which he did on December 2, 2016 (ECF No. 50).

II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth two principles for a district court to follow in deciding a motion to dismiss. 556 U.S. 662 (2009). First, district courts must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Where, as here, the plaintiff is proceeding *pro se*, "a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Nevertheless, a *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

The Court further notes that, in adjudicating this motion, it is entitled to consider:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and vacated in part on other grounds sub nom. Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71 (2006); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of N.Y.*, No. 04 Civ. 1859, 2005 WL 1139908, at *2-3 (E.D.N.Y. 2005) (stating court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

### III. DISCUSSION

In their initial brief, the County Defendants argue that (1) defendant Suffolk County District Attorney Thomas Spota is absolutely immune from malicious prosecution liability; (2) plaintiff fails to plead a claim for defamation or slander because (a) he does not claim that the alleged conduct impaired a liberty interest, as is required for a Section 1983 claim, and (b) the complaint does not identify the purported defamatory and false statement, allege that it was published to a third party, assert that it caused harm, or claim that the statement was not privileged, as required for a cause of action under New York law; and (3) if the Court dismisses plaintiff's federal claims, it should decline to exercise pendant jurisdiction over any remaining state law claims.

In their November 1, 2016 letter informing the Court of plaintiff's conviction, the County Defendants contend that plaintiff cannot proceed with his malicious prosecution cause of action because of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which precludes a civil plaintiff from asserting claims that would call into question the lawfulness of a criminal conviction. They further argue that, because plaintiff cannot plead a federal Section 1983 claim, the Court should decline to exercise pendant jurisdiction and dismiss the remainder of the complaint.

As discussed below, the Court concludes that *Heck* bars plaintiff's malicious prosecution claim, as well as his claims for defamation and slander, to the extent that he asserts those under Section 1983. Insofar as plaintiff pleads a cause of action for malicious prosecution and/or defamation and slander under state law, the Court declines, in its discretion, to exercise pendant jurisdiction absent a viable federal claim. Accordingly, the Court grants the County Defendants' motion to dismiss the federal claims in its entirety.

A. Applicable Law

In *Heck v. Humphrey*, the Supreme Court "confronted the question of whether, given the overlap between § 1983 and the federal habeas corpus statute, a prisoner seeking civil damages may proceed with a § 1983 claim where success on the claim necessarily would implicate the unconstitutionality of the prisoner's conviction or sentence." *Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999) (citing *Heck*, 512 U.S. at 480-90). Specifically, the *Heck* Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-87 (footnotes omitted). Accordingly, pursuant to *Heck*, courts routinely dismiss claims of malicious prosecution brought under Section 1983 when those claims pertain to a criminal proceeding that resulted in a conviction. *See, e.g.*, *Kevilly v. N.Y.*, 410 F. App'x 371, 375 (2d Cir. 2010); *Jean-Laurent v. Hennessy*, No. 05CV1155 (JFB) (LB), 2008 WL 3049875, at *8-9 (E.D.N.Y. Aug. 1, 2008); *Younger v. City of New York*, 480 F. Supp. 2d 723, 730 (S.D.N.Y. 2007).

With respect to Section 1983 claims for defamation or slander, even palpably false statements by a governmental actor are not cognizable if the only injury is to the plaintiff's reputation. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) ("[A]ny harm or injury to [a reputational] interest, even where . . . inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law[.]"); *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) ("Defamation . . . is an issue of state law, not of federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action."). Governmental defamation is

4

actionable only if it falls within the so-called "stigma plus" doctrine. *See Sadallah*, 383 F.3d at 38. "To prevail on a 'stigma plus' claim, a plaintiff must show (1) the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Id.*

However, as with malicious prosecution claims, the *Heck* rule precludes Section 1983 causes of action for defamation or slander if they would undermine a criminal conviction or sentence. *See Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 584 (5th Cir. 2012) (holding that plaintiff could not "satisfy this 'stigma-plus-infringement' requirement, however, because applying *Heck* precludes using false arrest and malicious prosecution as predicate infringement claims" for a defamation cause of action); *Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (plaintiff could not maintain Section 1983 claim that defendant police officers committed perjury absent invalidation of his conviction); *Lane v. Papadimitrious*, No. 6:10-CV-647, 2010 WL 2803468, at *1 (N.D.N.Y. July 14, 2010) ("Thus, plaintiff's claims in the nature of perjury, slander, evidence-tampering, conspiracy to bring unfounded criminal charges against him, and false imprisonment necessarily implicate the validity of his conviction and are thus barred under [*Heck*]."); *Wallace v. Speiget*, No. 04-CV-2821 (DGT), 2005 WL 1544811, at *1-2 (E.D.N.Y. July 1, 2005) (holding that *Heck* precluded plaintiff's Section 1983 claims for malicious prosecution and slander).

B. Application

Here, the *Heck* rule unequivocally bars plaintiff's malicious prosecution claim because it pertains to a criminal conviction that has not been invalidated. Further, although the complaint does not identify any specific defamatory or slanderous statement, plaintiff states in his opposition that "Thomas Spota defamed [his] character and slandered [his] name" by "telling the public that [plaintiff] assaulted an [sic] 83 year old white woman, which is a blatant lie." (Pl.'s Br. at 1.)[3] Thus, it appears that the gravamen of plaintiff's defamation/slander claims is that defendant Spota publicly accused him of the offense to which plaintiff pled guilty, and allowing those claims to proceed would necessarily impair that conviction because plaintiff would be required to prove the falsity of those statements.[4] *See Albert v. Loksen*, 239 F.3d 256, 265-66 (2d Cir. 2001) ("The elements of a cause of action for slander under New York law are (i) a defamatory statement of fact, (ii) that is false . . . ." (footnote omitted)).

---

[3] As noted *supra*, in deciding a motion to dismiss, courts may consider, *inter alia*, information in the "motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint." *In re Merrill Lynch*, 273 F. Supp. 2d at 356-57; *see also Scott v. City of White Plains*, No. 10 CIV. 1887 (KBF), 2012 WL 1267873, at *8 (S.D.N.Y. Apr. 10, 2012) ("The Court may consider admissions contained in [plaintiff's] briefs (and the exhibits thereto) on a motion to dismiss." (citing *Purgess v. Sharrock,* 33 F.3d 134, 144 (2d Cir. 1994) ("A court can appropriately treat statements in briefs as binding judicial admissions of fact"))).

[4] Insofar as plaintiff is contesting statements made during court proceedings, then absolute immunity would also bar liability for those remarks. *See Mosley v. McIntosh*, No. 08 CIV. 9635 (PKC), 2009 WL 1542546, at *3 (S.D.N.Y. May 29, 2009) ("[I]t is firmly established that a prosecutor cannot be sued under § 1983 on the basis of statements made in court during criminal proceedings against a defendant." (citing, *inter alia*, *Kalina v. Fletcher*, 522 U.S. 118, 124-25 (1997))). Qualified immunity is available as a defense for statements made to the press. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 278 (1993).

As a result, *Heck* also precludes adjudication of those causes of action under Section 1983. To the extent that plaintiff is asserting pendant state claims for malicious prosecution and/or defamation and slander, the Court declines, in its discretion, to exercise supplemental jurisdiction over those claims given the dismissal of the federal claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

C. Leave to Amend

Although plaintiff has not requested leave to submit an amended complaint, the Court has considered whether he should be given an opportunity to do so. The Second Circuit has emphasized that, "[a] *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

However, even under this liberal standard, the defects in plaintiff's complaint are substantive and cannot be cured. Accordingly, leave to re-plead is denied.

IV. CONCLUSION

For the foregoing reasons, the County Defendants' motion to dismiss (ECF No. 12) is granted, and plaintiff's claims against them are dismissed with prejudice.[5] The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: January 12, 2017
Central Islip, NY

\* \* \*

Plaintiff Brontie O'Neal, *pro se*, Ulster Correctional Facility, P.O. Box 800, Napanoch, New York 12458. The County Defendants are represented by Arlene S. Zwilling, Assistant County Attorney, on behalf of Dennis M. Brown, Suffolk County Attorney, H. Lee Dennison Building, P.O. Box 6100, Hauppauge, New York 11788.

---

[5] Although the County Defendants did not raise this argument in their submissions, plaintiff has also failed to plead a claim against the "Suffolk County Municipality," *i.e.* Suffolk County, because he only alleges that the "Suffolk County Municipality is responsible for statements that district attorneys made defaming [plaintiff's] character." (Compl. ¶ 2.) However, under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694-95 (1978), a municipal entity may be held liable under Section 1983 only where a plaintiff demonstrates that the constitutional violation complained of was caused by a municipal "policy or custom." *Respondeat superior* is not a cognizable theory of liability. *Id.* at 691.