UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BRONTIE O'NEAL,

      Plaintiff,

  -against-

THOMAS SPOTA et al.,

      Defendants.
------------------------------------------------------------------X

ORDER
16-CV-00579 (JFB)(GRB)

JOSEPH F. BIANCO, District Judge:

  Before the Court is a Report and Recommendation ("R&R," ECF No. 120) from Magistrate Judge Brown recommending that the Court (1) grant the motion to dismiss by defendants East Hampton Town and East Hampton Town Police (the "Town Defendants"); (2) *sua sponte* dismiss all claims against individual defendants Marianne S. Rantala and Irene Foster (the "Individual Defendants"); and (3) deny *pro se* plaintiff leave to amend his pleading. The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R (*see* R&R at 15), and the Town Defendants served plaintiff with the R&R on August 28, 2017 (*see* ECF No. 122). The date for filing any objections to the R&R has accordingly since expired, and plaintiff has not filed any objections. Although the Court has received several *pro se* communications from plaintiff, including a document entitled "Amended Complaint" (*see* ECF Nos. 121, 123-27), none are responsive to the R&R. Nevertheless, as discussed below, the Court has conducted a *de novo* review of the R&R and those filings in an abundance of caution. For the reasons that follow, the Court adopts the thorough and well-reasoned R&R in its entirety and dismisses with prejudice all federal claims against the Town Defendants and the Individual Defendants.[1] The

---

[1] The Court has considered plaintiff's supplemental submissions, including a proposed amended complaint, but none

1

Court also declines, in its discretion, to exercise supplemental jurisdiction over any state law claims, which it therefore dismisses without prejudice.

Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiff has waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. In addition, the Court has reviewed plaintiff's subsequent filings, including his Amended Complaint. None are responsive to the R&R, and, in any event, they do not remedy the pleading defects identified in the R&R. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained

---

of his filings address the legal effects in his pleading, and the Court, as did Magistrate Judge Brown, concludes that leave to amend the federal claims would be futile.

2

in the well-reasoned and thorough R&R in their entirety.[2]

Accordingly, IT IS HEREBY ORDERED that the Town Defendants' motion to dismiss (ECF No. 51) is granted and that all federal claims against them, as well as all federal claims against the Individual Defendants, are dismissed with prejudice. The Court declines to exercise supplemental; jurisdiction over any state law claims and, therefore, the state law claims are dismissed without prejudice. The Clerk of the Court shall enter judgment accordingly and close this case.[3] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 19, 2017
      Central Islip, New York

Joseph F. Bianco
United States District Judge

---

[2] In addition, the Court adopts the recommendation that the Court dismiss *sua sponte* all of the Section 1983 claims against the Individual Defendants because plaintiff has failed to plausibly allege that either acted under color of state law. *See Estes-El v. Dumoulin*, No. 6-CV-2528 JFB WDW, 2012 WL 1340805, at *4 (E.D.N.Y. Apr. 18, 2012) ("As a baseline matter, private citizens and entities are not generally subject to 1983 liability").

[3] The Court previously dismissed with prejudice all claims against the other defendants in this action by Memorandum and Order dated January 12, 2017. (ECF No. 60.)